# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ROBERT SCOTT SCUBA, et al.,<br>　　Plaintiffs | Case No. 1:06-cv-160 |
| vs | (Dlott, J.; Hogan, M.J.) |
| REGINALD WILKINSON, et al.,<br>　　Defendants | **REPORT AND RECOMMENDATION** |

　　Plaintiffs Robert Scott Scuba and John Robert Modie, inmates at the Lebanon Correctional Institution (LeCI), bring this action pursuant to 42 U.S.C. § 1983 against various officials at the Lebanon Correctional Institution, the Ohio Department of Rehabilitation and Correction (ODRC), the Ohio Inspector General, and the Ohio State Highway Patrol. Plaintiffs' complaint alleges they were exposed to asbestos in the LeCI food preparation area of the prison kitchen where both plaintiffs Scuba and Modie worked for a period of years. The complaint states that after plaintiffs discovered and complained to various prison officials about asbestos in the food preparation area of the prison, they were retaliated against. Such retaliation included being charged with false conduct reports, subjected to unwarranted criminal charges, terminated from their jobs, and placed in security control segregation. The complaint also alleges that prison officials were deliberately indifferent to their health and safety by knowingly exposing plaintiffs to asbestos. This matter is before the Court on plaintiffs' motion for preliminary injunction and/or temporary restraining order (Doc. 8), defendants' memorandum in opposition (Doc. 21), and plaintiffs' reply memorandum. (Doc. 27).

　　Plaintiffs seek a preliminary injunction/temporary restraining order "for the specific and limited purpose of prohibiting any unwarranted transfer of either Plaintiff that is effected for

retaliatory purposes or for purposes of obstructing the Plaintiffs' ability to effectively litigate this case." (Doc. 8 at 1).

In determining whether to issue a temporary restraining order and/or preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,*228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

The Court finds that plaintiffs have neither alleged facts, nor submitted evidence, warranting an immediate injunction in this matter. Plaintiffs have made no attempt to apply the above factors to their situation. Plaintiffs have also failed to present any evidence showing they have a substantial likelihood of success on the merits of their constitutional claims, or that they

2

will suffer irreparable harm absent an immediate injunction. While plaintiffs allege that defendants have "an undisputable history of separating prisoner plaintiffs under pretense reasons for the sole purpose of impeding their ability to continue effective litigation," they have failed to submit any evidence whatsoever in support of this claim. Nor do plaintiffs submit evidence that either have been proposed for a transfer to another institution.

Moreover, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). A court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (3d Cir. 1997); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985). Plaintiffs' motion is premised on claims of anticipated retaliatory transfer for the purpose of inhibiting their ability to effectively litigate this lawsuit. These claims are separate from the retaliation claims raised in their complaint. Assertions that defendants may transfer either plaintiff in retaliation for the filing of this lawsuit are purely speculative and do not support the issuance of a preliminary injunction in this matter.

In any event, granting the relief plaintiffs seek would be premature. Before this Court may entertain any claims of retaliatory transfer in violation of the First Amendment, plaintiffs would have to exhaust their prison administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S.Ct. 88 (1998). *See Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir. 1999)(while

3

exhaustion is not jurisdictional, it is mandatory). *See also Morgan v. Tennessee Dept. of Corrections*, 92 Fed. Appx. 302, 304 (6th Cir. 2004)(prisoner not entitled to preliminary injunction against state department of corrections and prison warden where prisoner failed to demonstrate any likelihood of success on the merits due to his failure to exhaust his administrative remedies). Therefore, plaintiffs cannot seek injunctive relief on any anticipated claim of retaliatory transfer in this lawsuit at the present time.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion for temporary restraining order and for preliminary injunction be **DENIED**.

Date: 5/9/06

Timothy S. Hogan
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Robert Scott Scuba, et al.,
    Plaintiff

Case No. 1:06cv0160

vs.

Reginald Wilkinson, et al.,
    Defendant

(Dlott, J.; Hogan, M.J.)

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:06cv160 Doc.31

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Robert Scott Scuba<br>#354-073<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1409 2436 |

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery |
| 1. Article Addressed to:<br><br>John Robert Modie<br>#460255<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1409 2443 |

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540