# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT SCOTT SCUBA, et al.,                         Case No. 1:06-cv-160
    Plaintiffs

    vs                                              (Dlott, J.; Hogan, M.J.)

REGINALD WILKINSON, et al.,                         **ORDER AND REPORT AND**
    Defendants                                     **RECOMMENDATION**


Plaintiffs Robert Scott Scuba and John Robert Modie, inmates at the Lebanon

Correctional Institution (LeCI), bring this action pursuant to 42 U.S.C. § 1983 against Ohio

Inspector General Thomas P. Charles,  Ohio State Highway Patrol Trooper Tracey Callahan, and

various officials at the Lebanon Correctional Institution and the Ohio Department of

Rehabilitation and Correction (ODRC).  This matter is before the Court on defendant Thomas P.

Charles' motion to dismiss (Doc. 24), defendant Tracey Callahan's motion to dismiss (Doc. 30),

the properly-served ODRC defendants' motion to dismiss (Doc. 32), plaintiffs' memoranda in

opposition to the motions to dismiss (Doc. 35, 36, 38, 48), plaintiffs' amended complaint (Doc.

37), defendant Callahan's reply memorandum (Doc. 39), defendant Callahan's motion to dismiss

in lieu of answer to plaintiffs' amended complaint (Doc. 40), the properly-served ODRC

defendants' reply memorandum (Doc. 41), defendant Charles' motion to dismiss plaintiffs'

amended complaint, or in the alternative, to renew previously filed motion to dismiss (Doc. 43),

the properly-served ODRC defendants' motion to strike the amended complaint, or in the

alternative, for an extension of time to respond to the amended complaint (Doc. 44), plaintiffs'

memorandum in opposition to defendant Charles' motion to dismiss the amended complaint

(Doc. 45), and  plaintiffs' motion to amend the complaint and memorandum in opposition to defendant Callahan's motion to dismiss the amended complaint. (Docs. 46, 47).

## I.  The Amended Complaint is the Operative Complaint in this Matter.

The properly-served ODRC defendants seek to strike the amended complaint arguing that since they filed a motion to dismiss, plaintiffs were required to seek leave of court before filing an amended complaint under Rule 15(a), Fed. R. Civ. P.  Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ."  A motion to dismiss, however, is not a "responsive pleading" within the meaning of Rule 15(a).  *See Youn v. Track, Inc.*, 324 F.3d 409, 416 n. 6 (6th Cir. 2003); *Lycan v. City of Lebanon*, 213 F.R.D. 305 (S.D. Ohio 2002)(Spiegel, J.); *Mills v. Mills*, 790 F.Supp. 172, 174 (S.D. Ohio 1992)(Rubin, J.).  Accordingly, absent an answer from the ODRC defendants, plaintiffs were entitled to amend their complaint once as a matter of course without leave of court. *Id*.  Therefore, the ODRC defendants' motion to strike is without merit and **DENIED**. The ODRC defendants are **GRANTED** an extension of time of **fifteen (15) days** from the date of this Order to file a response to the amended complaint.

Likewise, the fact that defendant Charles filed a motion to dismiss prior to the filing of the amended complaint does not warrant dismissal of the amended complaint for plaintiffs' failure to seek leave of court to amend.

The only defendant who filed an answer to the complaint was defendant Callahan. Defendant Callahan seeks dismissal of the amended complaint on the basis of plaintiffs' failure to obtain leave of court before filing the amended complaint. (Doc. 40).  Plaintiffs acknowledge

2

they should have sought leave of court prior to filing the amended complaint and have now filed

a motion for leave to amend. (Doc. 46). Plaintiffs explain that the amended complaint clarifies

their 42 U.S.C. § 1985 conspiracy claims against defendant Callahan. Had plaintiffs timely

sought leave to file their amended complaint, this Court would have permitted such amendment

since allowing the amendment would further the interests of justice and judicial economy in this

matter. The Court therefore **GRANTS** the motion for leave to amend the complaint.

Plaintiffs' amended complaint supersedes the original complaint and is the "legally

operative complaint" in this matter. *See Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299,

306 (6th Cir. 2000), *cert. denied*, 533 U.S. 951 (2001). Since the amended complaint replaces

the original complaint, the motions to dismiss the original complaint are moot. Therefore,

defendant Charles' motion to dismiss the original complaint (Doc. 24), defendant Callahan's

motion to dismiss the original complaint (Doc. 30), and the properly-served ODRC defendants'

motion to dismiss the original complaint (Doc. 32) should be **DENIED** as moot.


**II. Defendant Callahan's motion to dismiss the amended complaint should be granted.**

The amended complaint alleges the following: Plaintiff Scuba was assigned to the

kitchen maintenance department at LeCI between March 2003 and June 2005. (Doc. 37, ¶ 34).

Plaintiff Modie was assigned to the kitchen maintenance department between January 2004 and

June 2005. (Doc. 37, ¶ 37). While working in the kitchen, they removed insulation from under

the serving lines. (Doc. 37, ¶ 42). Concerned about the content of the insulation, plaintiffs

questioned LeCI employees whether the insulation contained asbestos or other material

detrimental to their health. *Id*. LeCI employees told plaintiffs the material was not asbestos.

(Doc. 37, ¶ 42).

In March 2005 defendant Eckman, an LeCI employee, told plaintiffs the material was asbestos. (Doc. 37, ¶ 47).  Wanting to confirm the identity of the material, plaintiff Scuba sent a sample to the Environmental Protection Agency (EPA) in Washington, D.C. to be tested. (Doc. 37, ¶ 48).  Subsequently, plaintiffs were subjected to a "shakedown" and suffered retaliation. (Doc. 37, ¶¶ 50-54).  Plaintiff Scuba sent another sample of the questionable material to the Federal Bureau of Investigation (FBI) and to the EPA Office in Chicago. (Doc. 37, ¶¶ 54-56).  The sample mailed to the EPA in Chicago, however, was allegedly switched by some of the defendants and replaced with a white powder. (Doc. 37, ¶ 60).  Additional samples were mailed to other individuals outside of the prison, including Attorney Ray Smith. (Doc. 37, ¶¶63, 64, 67).

An additional fraudulent disciplinary ticket was composed by some of the defendants in an effort to raise plaintiffs' security clearance to justify a transfer to the Southern Ohio Correctional Facility in Lucasville, Ohio.  Both plaintiffs were placed in security control, while other LeCI inmates were ordered to strip, scrub and paint the kitchen maintenance room to conceal the asbestos. (Doc. 37, ¶¶ 70-72).  Both plaintiffs were found guilty of possessing contraband and released from security control. (Doc. 37, ¶¶77-78).  In July 2005, plaintiffs received confirmation that the substance was indeed asbestos.  Attorney Ray Smith, to whom a sample of insulation was sent, allegedly sent a sample of insulation to Data Chem Laboratories, Inc. for testing. (Doc. 37, ¶80).

Plaintiff Scuba filed a grievance and referenced the document from Data Chem confirming the finding of asbestos.  Defendant Casey Barr requested a copy of said confirmation,

which plaintiff Scuba supplied. (Doc. 37, ¶81).  Plaintiffs were subsequently questioned by

several of the defendants about the document.  The defendants allegedly denied any knowledge

of the asbestos. (Doc. 37, ¶82).  Plaintiff Scuba then received information from a fellow inmate,

a "licensed and certified asbestos abatement worker for the state of Ohio," who stated that during

his time with the abatement team he worked directing for defendant Wilkinson who was aware

that the abatement of asbestos from LeCI was never completed. (Doc. 37, ¶83).

Plaintiff Modie appealed his RIB ticket and on August 3, 2005, the conviction was

overturned. (Doc. 37, ¶85).  Modie's job was then reinstated.

Plaintiff Scuba filed an informal complaint with defendant Timler on August 2, 2005

concerning the discovery of asbestos in the kitchen/maintenance area and his placement in

security control. (Doc. 37, ¶86).  On August 4, 2005, Scuba after being summoned to the

captains office and meeting with defendants Turner, Ortberg, Timler and Jones, withdrew the

informal complaint under threats of continued confinement in security control. (Doc. 37, ¶87).

The following morning, plaintiff met with defendant Casey Barr, informed him of the threats and

intimidation by the corrections officers, and agreed to submit to a lie detector test. (Doc. 37,

¶88).  Barr informed plaintiff he would investigate. *Id*.

Later that evening, plaintiff Scuba was removed from his cell and taken to protective

custody, allegedly by order of defendant Callahan, a Trooper with the Ohio State Highway

Patrol, as a result of  a phone call to the Ohio State Highway Patrol from a member of Scuba's

family, Mr. Dave Dudas. (Doc. 37, ¶ 89).  On August 8, 2005, plaintiff Scuba was taken to an

office where defendant Callahan obtained a statement from Scuba about the alleged asbestos in

the kitchen and the withdrawal of his grievance. (Doc. 37, ¶91).  During the statement, defendant

Callahan refused to allow Scuba to retrieve notes from his cell. *Id.*  Plaintiffs allege that

defendant Callahan interviewed some of the named defendants and another inmate. (Doc. 37, ¶¶

94-95).  Plaintiffs allege that they complained verbally and in writing to defendant Callahan

"alleging criminal and malicious conduct on behalf of the defendants named in the instant

complaint" and that Callahan failed to investigate such complaints and conspired with the other

defendants to conceal the civil rights violations of the plaintiffs. (Doc. 37, ¶120(b)).

Plaintiffs allege that they amended their complaint "to clarify the § 1985 claim against

Defendant Callahan. . . ." (Doc. 46 at 3).  Plaintiffs state, "The claims against this defendant

relate to a conspiracy with any or all other defendants and/or other unknown parties, to violate

the rights of the plaintiffs in refusing to investigate both state and federal crimes as he is required

to do under law." (Doc. 46 at 4).

To the extent plaintiffs' amended complaint alleges a claim for conspiracy under 42

U.S.C. § 1985(2) and (3), their allegations fail to state a claim for relief against defendant

Callahan.  Section 1985 generally prohibits conspiracies to interfere with an individual's civil

rights.  To state a claim for relief under § 1985(3), plaintiffs must show: 1) a conspiracy between

at least two persons; 2) that the object of the conspiracy was to deprive plaintiffs of equal

protection of the law or of privileges and immunities under the law; 3) an act by at least one

conspirator in furtherance of the objective; and 4) injury to plaintiffs as a result of the

conspiracy. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).  Plaintiffs must also show that

there is some racial or otherwise class-based invidiously discriminatory animus involved in the

defendant's actions. *Id*. at 102.  *See also Haverstick Enterprises v. Financial Federal Credit,* 32

F.3d 989, 994 (6th Cir. 1994), citing *United Brotherhood of Carpenters and Joiners of America*

*v. Scott*, 463 U.S. 825, 829 (1983).  Likewise, the second clause of § 1985(2)[1], which prohibits

private conspiracies to obstruct "the due course of justice in any State or Territory" with the

intent of depriving persons of equal protection of the laws, also requires that the conspirator's

actions be motivated by race or class-based animus. *Bennett v. Batchik,* 936 F.2d 572 (6th Cir.

1991) (unpublished), 1991 W.L. 110385, citing *Kush v. Rutledge,* 460 U.S. 719, 725 (1983).

Plaintiffs' complaint fails to allege facts showing the alleged conspiracy was motivated

by "some racial or perhaps otherwise class-based, invidiously discriminatory animus" in order to

state a claim for relief under either § 1985(3) or § 1985(2). *Bartell v. Lohiser*, 215 F.3d 550,

559-60 (6th Cir. 2000), quoting *United Brotherhood of Carpenters & Joiners of America, Local*

*610 v. Scott,* 463 U.S. 825, 829 (1983).  *See also Ellison v. Leffler*, 30 F.3d 133, 1994 W.L.

276926, **2 (6th Cir. 1994), citing *Kush v. Rutledge*, 460 U.S. 719, 726 (1983); *Bennett v.*

*Batchik*, No. 90-2036, 1991 W.L. 110385, at *6 (6th Cir. 1991).  Prisoners are not a protected

class for the purposes of § 1985.  *See Rose v. Leaver*, No. 01-3881, 2002 W.L. 1001028, at *2

(6th Cir. May 15, 2002), citing *Pryor v. Brennan*, 914 F.2d 921, 923 (7th Cir. 1990).  Since

plaintiffs do not allege that defendant Callahan's actions were motivated by race or class-based

animus, their amended complaint fails to state a claim for relief under sections 1985(2) or (3).

Moreover, to the extent plaintiffs allege defendant Callahan's refusal to investigate "both

state and federal crimes as he is required to do under law"[2] (Doc. 46 at 4), the amended

---

[1]    The first clause of § 1985(2) relates to conspiracies to interfere with the administration of justice in
the federal courts, and is clearly inapplicable to this case.  *See Willing v. Lake Orion Community Schools Bd. of
Trustees*, 924 F. Supp. 815, 819  (E.D. Mich. 1996).

[2]    Ohio Rev. Code § 5503.02 provides, "The superintendent or any state highway patrol trooper may
enforce the criminal laws on all state properties and state institutions, owned or leased by the state, and, when so
ordered by the governor in the event of riot, civil disorder, or insurrection, may, pursuant to sections 2935.03 to
2935.05 of the Revised Code, arrest offenders against the criminal laws wherever they may be found within the state
if the violations occurred upon, or resulted in injury to person or property on, state properties or state institutions, or

complaint fails to state a claim for relief under 42 U.S.C. § 1983. Contrary to their assertions, plaintiffs do not have a Constitutional right to compel a criminal investigation or prosecution. "[T]he law is clear that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime." *Woods v. Miamisburg City Schools*, 254 F. Supp.2d 868, 873-74 (S.D. Ohio 2003), citing *White v. City of Toledo*, 217 F. Supp.2d 838 (S.D. Ohio 2002), quoting *Doe v. Mayor and City Council of Pocomoke City*, 745 F. Supp. 1137, 1138 (D. Md. 1990). "A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act." *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992). *See also Gonzales v. Perez*, No. 98-6575, 2000 WL 222584, at \*2 (6th Cir. Feb. 14, 2000). Consequently, even assuming that defendant Callahan was derelict in his duty for not investigating or pursuing certain crimes, his action or inaction does not implicate plaintiffs' constitutional rights. Therefore, plaintiffs' amended complaint fails to state claim for relief under section 1983.

In addition, plaintiffs allege violations of state law on the part of defendant Callahan. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). To the extent that plaintiffs' complaint presents allegations under state law against defendant Callahan, this Court should decline to exercise supplemental jurisdiction over the state law claims. *See Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at \*1-2 (6th Cir. June 18, 1998), citing *Landefeld v. Marion General Hospital,* 994 F.2d 1178, 1182 (6th Cir. 1993). Therefore, it is recommended that defendant Callahan's motion to dismiss

---

under the conditions described in division (B) of this section."

plaintiffs' amended complaint (Doc. 40) be **GRANTED**.


**III.  Defendant Charles motion to dismiss the amended complaint should be granted.**

Plaintiffs' amended complaint alleges that subsequent to the actions described above, they filed a complaint with the Environmental Protection Agency in Washington, D.C. (Doc. 37, ¶101).  This complaint was forwarded to defendant Thomas P. Charles, the Ohio Inspector General. *Id.*  The amended complaint alleges that defendant Charles "entered into [a] conspiracy to conceal civil rights violations by failing to investigate and/or perform statutory duties. . . ." (Doc. 37, ¶102).  The amended complaint further alleges that defendant Charles, "in furtherance, acting in concert with defendants . . . have deliberately, with malice and bad faith intentionally failed to investigate for fear of possible criminal charges against the defendants in the instant complaint, i.e., they are looking out for their own." (Doc. 37, ¶103).  Plaintiffs allege such actions violate their rights under 42 U.S.C. § 1985. (Doc. 35 at 3).

For the reasons given above with respect to defendant Callahan's motion to dismiss, defendant Charles' motion to dismiss should be granted.  Plaintiffs' amended complaint fails to state a claim for relief under section 1985.  *See supra* at pp. 6-8.  In addition, to the extent plaintiffs allege defendant Charles failed to investigate their complaints in accordance with his statutory duties, *see* Ohio Rev. Code § 121.42[3], such alleged failure does not state a claim for

---

[3]        This provision states the Ohio Inspector General shall "[r]eceive complaints under section 121.46 of the Revised Code alleging wrongful acts and omissions, determine whether the information contained in those complaints allege facts that give reasonable cause to investigate, and, if so, investigate to determine if there is reasonable cause to believe that the alleged wrongful act or omission has been committed or is being committed by a state officer or state employee" and "contemporaneously report suspected crimes and wrongful acts or omissions that were or are being committed by state officers or state employees to the governor and to the appropriate state or federal prosecuting authority with jurisdiction over the matter if there is reasonable cause to believe that a crime has occurred or is occurring." Ohio Rev. Code § 121.42(B) and (C).

relief under section 1983.  *See supra* at p. 8.  Finally, any alleged violation of state law does not provide plaintiffs with a cause of action pursuant to section 1983.  Accordingly, defendant Charles' motion to dismiss plaintiffs' amended complaint, or in the alternative, to renew previously filed motion to dismiss (Doc. 43) should be **GRANTED**.


## IT IS THEREFORE ORDERED:

1.  The properly-served ODRC defendants' motion to strike the amended complaint (Doc. 44) is **DENIED**.

2.  The properly-served ODRC defendants' motion for an extension of time to respond to the amended complaint (Doc. 44) is **GRANTED.**  The ODRC defendants are granted an extension of time of **fifteen (15) days** from the date of this Order to file a response to the amended complaint.

3.  Plaintiffs' motion to amend the complaint is **GRANTED**. (Doc. 46).


## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Thomas P. Charles' motion to dismiss the original complaint (Doc. 24), defendant Tracey Callahan's motion to dismiss the original complaint (Doc. 30), and the properly-served ODRC defendants' motion to dismiss the original complaint (Doc. 32)  be **DENIED** as moot.

2.  Defendant Callahan's motion to dismiss the amended complaint in lieu of answer to plaintiffs' amended complaint (Doc. 40) be **GRANTED**, and that plaintiffs' federal law claims against defendant Callahan be dismissed with prejudice and plaintiffs' state law claims be

dismissed without prejudice.

3.  Defendant Charles' motion to dismiss plaintiffs' amended complaint (Doc. 43) be

**GRANTED,** and plaintiffs' federal law claims against defendant Charles be dismissed with

prejudice and plaintiffs' state law claims be dismissed without prejudice.

Date:   7/25/2006        s/Timothy S. Hogan
                                     Timothy S. Hogan
                                     United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT SCOTT SCUBA, et al.,  
    Plaintiffs

Case No. 1:06-cv-160

    vs

(Dlott, J.; Hogan, M.J.)

REGINALD WILKINSON, et al.,  
    Defendants

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X
☐ Agent
☐ Addressee

B. Received by ( *Printed Name* ) | C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Robert Scott Swba 359-073
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*

7002 0860 0000 1409 2214

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-0835

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X
☐ Agent
☐ Addressee

B. Received by ( *Printed Name* ) | C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

John Robert Modie 460255
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*

7002 0860 0000 1409 2207

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-0835

1:06cv160 Doc. 50