# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT SCOTT SCUBA, et al.,　　　　　　Case No. 1:06-cv-160
　　　　Plaintiffs

　　vs　　　　　　　　　　　　　　　　　(Dlott, J.; Hogan, M.J.)

REGINALD WILKINSON, et al.,　　　　　　**REPORT AND**
　　　　Defendants　　　　　　　　　　　**RECOMMENDATION**


Plaintiffs Robert Scott Scuba and John Robert Modie, inmates at the Lebanon

Correctional Institution (LeCI), bring this action pursuant to 42 U.S.C. § 1983 against various

officials at the Lebanon Correctional Institution and the Ohio Department of Rehabilitation and

Correction (ODRC). This matter is before the Court on the properly-served ODRC defendants'

motion to dismiss the amended complaint (Doc. 52), and plaintiffs' memoranda in opposition.

(Docs. 48, 55)[1].

The ODRC defendants seek dismissal of this action based on plaintiffs' alleged failure to

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Defendants contend that the presence of John Doe and Jane Doe ODRC defendants in this case

indicates that plaintiffs cannot have exhausted their administrative remedies on all claims as to

all defendants. Because plaintiffs do not know the identity of the Doe defendants, they

necessarily could not have filed grievances against the Doe defendants. Defendants argue that

under the authority of *Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), requiring "total exhaustion,"

the entire case should be dismissed. For the reasons that follow, the Court recommends that

---

[1]Doc. 55 incorporates by reference plaintiffs' previous memorandum in opposition to defendants' motion to dismiss the original complaint. (Doc. 48).

defendants motion to dismiss be denied.

Under the PLRA, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners who file lawsuits in this Court challenging the conditions of their confinement pursuant to 42 U.S.C. § 1983 "must allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). "The prisoner bears the burden of demonstrating that he administratively exhausted his claim, either by attaching documentation of the relevant administrative decisions or by detailing the process followed and the outcome in the complaint." *Owens v. Keeling*, 461 F.3d 763, 768 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), *cert. denied*, 531 U.S. 1040 (2000)). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Knuckles*, 215 F.3d at 642. The grievance must identify each defendant eventually sued and must contain facts concerning the alleged mistreatment or misconduct by that defendant so as to give the defendant fair notice of the basis of the prisoner's constitutional claims. *Bell v. Konteh,* 450 F.3d 651, 653 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006); *Curry v. Scott*, 249 F.3d 493, 504-05 (6th Cir. 2001).

Plaintiffs argue that they have exhausted their administrative remedies with respect to the John and Jane Doe defendants because "every claim relevant in any way to the unknown defendants was presented in the grievance process with identifiers such as 'et al.' etc." (Doc. 48

at 2). For example, an informal complaint dated August 7, 2005 states in relevant part:

> Over the past several months and to date there has been large amounts of flyable insulation in the kitchen and dining hall areas. Over the course of that time several administrative personel (sic) were notified/asked if this was anything that could be potentially harmful to anyone's health. (personel [sic] include but are not limited to Gerald Leforge, Ron Hart, Lt. Ed Timler et al.).

(Doc. 4, Exh. E-1).

The Court determines that the designation of "et al." in a grievance form does not satisfy the exhaustion requirement with regard to the John or Jane Doe defendants. A prisoner must "file a grievance against the person he ultimately seeks to sue," *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001), and exhaust the claim as to each defendant associated with the claim. *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003). The grievance must give the defendant "fair notice" of the alleged mistreatment or misconduct. *Id*. at 574. The mere designation of "et al." in a grievance does not suffice to put any individual or the prison administration on notice of the alleged misconduct or mistreatment by that individual. The Sixth Circuit has suggested that a defendant need not be specifically named in an administrative grievance where the plaintiff does not know, and cannot reasonably discover, the person's name. *See Thomas v. Woolum*, 337 F.3d 720, 734 (6th Cir. 2003) ( "Although an inmate need not identify each officer by name when the identities of the particular officers are unknown, Thomas here knew one on-looking officer's identity and knew that others had watched the beating as well. Accordingly, his grievance form should have noted either the other officers' names or the fact that other officers had seen the beating."). The undersigned believes that a grievance against individuals whose specific identities are unknown must at the very least set forth specific facts showing such individuals were present and participated in or have particular knowledge of the incident or mistreatment alleged by plaintiffs.

3

The inclusion of "et al." after a litany of complaints against particular named individuals is insufficient to put the prison on notice of plaintiffs' potential claims against any additional John or Jane Doe defendants and does not fulfill the basic purposes of the exhaustion requirement. Because no grievance identifies the John or Jane Doe defendants with any particular specificity as individuals who deprived plaintiffs of a constitutional right, plaintiffs have not exhausted their prison administrative remedies as to the John and Jane Doe defendants.

Plaintiffs' amended complaint thus contains both exhausted and unexhausted claims. There is a split of authority within the Sixth Circuit regarding whether courts are required to dismiss an entire complaint that contains exhausted and unexhausted claims (the "total exhaustion rule") or just the unexhausted claims (the "partial exhaustion rule"). As explained by Judge Marbley in *Mack v. Wilkinson*, Case No. 2:06-cv-102 (S.D. Ohio July 25, 2006) (Doc. 18), 2006 W.L. 2090092, *1-*2:

> The question presented is whether . . . the Court is required by § 1997e(a) to dismiss the entire complaint when a prisoner has exhausted his prison administrative remedies as to some claims and some defendants, but has not exhausted those remedies as to all claims and all defendants. In the Sixth Circuit, *Hartsfield v. Vidor*, 199 F.3d 305, 307-09 (6th Cir. 1999) and *Burton v. Jones*, 321 F.3d 569, 574 at n2 (6th Cir. 2002) stand for the proposition that when a prisoner has not exhausted his prison administrative remedies for all claims and all defendants, the court should dismiss the unexhausted claims without prejudice and proceed to consider the merits of the exhausted claims. After *Hartsfield* and *Burton* were decided, panels of the sixth Circuit held in *Jones Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005) and *Rinard v. Luoma*, 440 F.3d 361, 362 (6th Cir. 2006) that when a prisoner has not exhausted his prison administrative remedies for all claims and all defendants, the Court must dismiss the entire complaint without prejudice. Although after *Jones Bey* there is a split in authority in the Sixth Circuit, this Court concludes that the majority in *Spencer v. Bouchard*, 449 F.3d at 726 (6th Cir. 2006) correctly found "that the partial-exhaustion rule [of *Hartsfield* and *Burton*] is the law of this circuit," not *Jones Bey's* total exhaustion rule. *Hartsfield* and *Burton* were decided first, and the later decisions in *Jones Bey* and *Rinard* do not have the effect of overriding them. *See, United States v. Smith*, 419 F.3d 521, 532 (6th Cir. 2005); *Salmi v.*

4

*Sec'y of Health & Human Servss.*, 774 F .2d 685, 689 (6th Cir. 1985).

*Mack*, Case No. 2:06-cv-102 (Doc. 18 at 2-3).  More recently, the Sixth Circuit in *Owens*

reaffirmed the holding in *Spencer* that "the PLRA does *not* require 'total exhaustion,' and ha[s]

instead adopted a rule of 'partial exhaustion'–that is, when a prisoner files a civil-rights

complaint containing exhausted and unexhausted claims, the prisoner can proceed with his

exhausted claims despite the dismissal of his unexhausted claims for failure to exhaust." 461

F.3d at 768 (emphasis in the original).[2]  As the *Spencer* panel found, "[b]ecause *Hartsfield* and

*Burton* were decided before *Bey*, we conclude that the partial-exhaustion rule is the law of this

circuit.  *See Salmi v. Sec'y of Health & Human Servs.,* 774 F.2d 685, 689 (6th Cir. 1985); 6th

Cir. R. 206(c) (a later panel cannot overrule a prior panel's published opinion." *Spencer*, 449

F.3d at 726.  For this reason, the undersigned recommends that this Court follow the partial

exhaustion rule:  "When a prisoner's complaint contains both exhausted and unexhausted claims,

the unexhausted claims should be dismissed without prejudice while the exhausted claims are

allowed to proceed." *Bell,* 450 F.3d at 654 (citing *Spencer*, 449 F.3d at 726; *Burton*, 321 F.3d at

574 n. 2; *Hartsfield*, 199 F.3d at 309-10).

Accordingly, the undersigned recommends that the District Court adopt the partial

exhaustion rule of *Spencer* and deny defendants' motion to dismiss seeking dismissal of the

entire complaint based on the total exhaustion rule of *Bey*.

_____

[2]The Sixth Circuit in *Owens* noted that the Supreme Court has granted certiorari in *Williams v. Overton*, 136 F. Appx. 859 (6th Cir.2005), *cert. granted*, 126 S.Ct. 1463 (2006), to determine whether the PLRA requires "total exhaustion," meaning a district court must dismiss a prisoner's civil-rights complaint whenever unexhausted claims have been pleaded, despite the inclusion of exhausted claims.  The Supreme Court will also consider whether the PLRA mandates that a prisoner name an individual defendant in the administrative grievance in order to exhaust the administrative remedies as to that defendant and in order to maintain the right to sue that defendant as the Sixth Circuit currently requires. *Owens*, 461 F.3d at 768 n.2.

5

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss the entire amended complaint be **DENIED**.

2.  Plaintiffs' amended complaint against the John and Jane Doe defendants be **DISMISSED**

**without prejudice** on the basis of plaintiffs' failure to exhaust their administrative remedies as

to these defendants.

Date:   10/18/2006           s/Timothy S. Hogan
                                       Timothy S. Hogan
                                       United States Magistrate Judge

6

## UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
## WESTERN  DIVISION


ROBERT SCOTT SCUBA, et al.,          Case No. 1:06-cv-160
     Plaintiffs

       vs                            (Dlott, J.; Hogan, M.J.)

REGINALD WILKINSON, et al.,
     Defendants


### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

1:06cv160. Doc. 57

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert Scott Scuba
#359-073
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( *Printed Name* ) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
   (*Transfer from service label*)

7002 0860 0006 5230 5233

PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-0835