# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT SCOTT SCUBA, et al.,            Case No. 1:06-cv-160
    Plaintiffs

vs                                              (Dlott, J.; Hogan, M.J.)

REGINALD WILKINSON, et al.,           **ORDER AND REPORT AND**
    Defendants                                 **RECOMMENDATION**

Plaintiffs Robert Scott Scuba and John Robert Modie, inmates at the Lebanon Correctional Institution (LeCI), bring this action pursuant to 42 U.S.C. § 1983 against various officials at the Lebanon Correctional Institution, the Ohio Department of Rehabilitation and Correction (ODRC), the Ohio Inspector General, and the Ohio State Highway Patrol. Plaintiffs' complaint alleges they were exposed to asbestos in the LeCI food preparation area of the prison kitchen where both plaintiffs Scuba and Modie worked for a period of years. The complaint states that after plaintiffs discovered and complained to various prison officials about asbestos in the food preparation area of the prison, they were retaliated against. Such retaliation included being charged with false conduct reports, subjected to unwarranted criminal charges, terminated from their jobs, and placed in security control segregation. The complaint also alleges that prison officials were deliberately indifferent to their health and safety by knowingly exposing plaintiffs to asbestos.

This matter is before the Court on plaintiffs' motion for injunction (Doc. 66), defendants' motions for extension of time to respond to plaintiffs' motion for injunction (Docs. 67, 69), defendants' memorandum in opposition to plaintiffs' motion (Doc. 70), and plaintiffs' reply memorandum. (Doc. 74).

For good cause shown, defendants' motions for extension of time to respond to plaintiffs' motion for injunction (Docs. 67, 69) are **GRANTED**.

Plaintiffs seek an injunction "to prohibit any further retaliatory conduct on the part of any of the defendants and/or agents thereof in any manner." (Doc. 66 at 1). Plaintiff Scuba alleges that on December 19, 2006, he was removed from his cell and placed in "the hole [security control] for investigation" for sending samples of asbestos out of the institution. Plaintiff states his property was seized and his legal papers "pillaged" by a corrections officer "at the behest of the administration." (Doc. 66, memorandum at 1). Scuba states that the following day, he was escorted to the deputy warden's office and informed that he was being investigated "because they found a kite in another inmate's pack-up." (Doc. 66, Scuba Aff. ¶13). Plaintiff Scuba states he was questioned about sending asbestos out of the institution. He denied doing so since 2005. Later that day, plaintiff Scuba was released from security control and returned to his cell. He states that "a great deal" of his legal work is still being held in the vault and that he has not received a response to his grievance concerning the taking of his legal material.

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

2

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

Plaintiffs are not entitled to a preliminary injunction in this matter. Plaintiffs have failed to "establish a relationship between the injury claimed in [their] motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). A court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (3d Cir. 1997); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985). Plaintiffs' motion is premised on a claims of alleged retaliatory investigation in December 2006 and future anticipatory retaliation. These claims are separate from the retaliation claims raised in their amended complaint filed in May 2006. In addition, granting an injunction in this matter would be premature because plaintiffs, by their own admission, have not exhausted their prison administrative remedies on such claims in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S.Ct. 88 (1998). *See Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir. 1999)(while exhaustion is not

jurisdictional, it is mandatory). *See also Morgan v. Tennessee Dept. of Corrections*, 92 Fed. Appx. 302, 304 (6th Cir. 2004)(prisoner not entitled to preliminary injunction against state department of corrections and prison warden where prisoner failed to demonstrate any likelihood of success on the merits due to his failure to exhaust his administrative remedies). Therefore, plaintiffs cannot seek injunctive relief on any claim of retaliation in December 2006 or on claims of anticipated future retaliation at this time.

**IT IS THEREFORE ORDERED THAT:**

Defendants' motions for extension of time to respond to plaintiffs' motion for injunction (Docs. 67, 69) be **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for injunction (Doc. 66) be **DENIED**.

Date: 3/21/07

Timothy S. Hogan
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT SCOTT SCUBA, et al.,           Case No. 1:06-cv-160
    Plaintiffs

vs                                               (Dlott, J.; Hogan, M.J.)

REGINALD WILKINSON, et al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).