# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ROBERT SCOTT SCUBA, et al., Plaintiffs | Case No. 1:06-cv-160<br>Dlott, J.<br>Hogan, M.J. |
| vs | |
| REGINALD WILKINSON, et al., Defendants | **REPORT AND RECOMMENDATION** |

This matter is before the Court on the Ohio Attorney General's motion to dismiss Gerald LeForge as a defendant for failure of service (Doc. 140), plaintiffs' memorandum in opposition (Doc. 149), and the Ohio Attorney General's reply memorandum. (Doc. 153).

Plaintiffs filed this action pro se in March 2006 against 29 defendants alleging a violation of their constitutional rights. On April 17, 2006, the summons was returned by the United States Marshal as "unexecuted" as "not deliverable as addressed" to defendant Gerald LeForge, a former employee in the food services department at the Lebanon Correctional Institution (LeCI). (Doc. 19). On March 11, 2009, the Ohio Attorney General filed the motion to dismiss Mr. LeForge for lack of service pursuant to Fed. R. Civ. P. 4(m).[1] (Doc. 140).

In response to the motion to dismiss, plaintiffs assert that they were never advised or

---

[1] Rule 4(m) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

notified of the failure of service on defendant LeForge; that defendant LeForge has appeared in this action through counsel referring to himself as a "properly-served defendant" thereby waiving service of the complaint and summons; and that the motion to dismiss is untimely since the dispositive motion deadline has passed. (Doc. 149).

Contrary to plaintiffs' argument, the Court's docket reflects that plaintiffs were notified of the failure of service on defendant LeForge. (See Doc. 19 and html receipt). Plaintiffs acknowledged that Mr. LeForge was "retired" at the time they filed their lawsuit as reflected in the summons form they submitted for purposes of service on Mr. LeForge. Nevertheless, plaintiffs directed that service be made on Mr. LeForge at LeCI. In addition, the docket sheet clearly reflects a failure of service and plaintiffs were certainly free to request a copy of the docket sheet at any time during the pendency of this litigation. Plaintiffs bear the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made. *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999). Plaintiffs do not allege or present any evidence that they made any further effort to serve Mr. LeForge after service was returned unexecuted, nor have they shown good cause for their failure to perfect service.

Nor has Mr. LeForge waived service of process by his actions in this case. Each filing made on behalf of the defendants has been styled "All Properly-Served ODRC Defendants" and Mr. LeForge is not such a defendant. The record does not contain any indication that defendant LeForge has waived service.

Although the dispositive motion deadline has passed, proper service of process is

required in order for this Court to obtain in personam jurisdiction over Mr. LeForge. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). "Without personal jurisdiction over an individual . . . a court lacks all jurisdiction to adjudicate that party's right, whether or not the court has valid subject matter jurisdiction." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). In the absence of proper service or waiver thereof, this Court does not have personal jurisdiction over Mr. LeForge. *Id.* (and cases cited therein). Under these circumstances, dismissal of the amended complaint against Mr. LeForge is warranted. *Friedman*, 929 F.2d at 1158.

Moreover, even if Mr. LeForge had been properly served in this case, the amended complaint fails to state a claim upon which relief may be granted against Mr. LeForge. Plaintiffs' amended complaint alleges that Mr. LeForge was the food service manager at LeCI who was responsible for coordinating meals, supervising inmates and kitchen personnel, and ordering parts and/or repairs for all food service equipment. (Doc. 37, ¶24). The amended complaint alleges that Mr. LeForge asked plaintiffs to submit an estimate of all parts needed for a complete renovation of the service lines. (Doc. 37, ¶43). The amended complaint also alleges that plaintiffs submitted a proposal to Mr. LeForge who then purchased the necessary parts, and that Mr. LeForge "had to talk defendants Hubbell, Westall and Eckman into cooperating by supplying some help and the necessary tools to complete the renovations of grills and serving lines." (Doc. 37, ¶45). The amended complaint alleges no other facts concerning Mr. LeForge.

The amended complaint fails to state a claim for relief against Mr. LeForge. There are no allegations of any wrongdoing or omission on the part of Mr. LeForge which show a

3

violation of plaintiffs' constitutional rights. Plaintiffs do not allege any direct participation by Mr. LeForge in the unconstitutional actions of which they complain. To the extent plaintiffs name Mr. LeForge as a defendant because of the supervisory position he held in the LeCI kitchen, *respondeat superior* cannot serve as a basis of liability against Mr. LeForge. *Monell v. Department of Social Services,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992), *cert. denied,* 509 U.S. 903 (1993). Therefore, Mr. LeForge should be dismissed as a defendant in this case.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Ohio Attorney General's motion to dismiss Gerald LeForge as a defendant for failure of service (Doc. 140) be **GRANTED**.

2. In the alternative, the amended complaint be dismissed as to defendant LeForge for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Date: 5/19/09

Timothy S. Hogan
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT SCOTT SCUBA, et al.,
    Plaintiffs

vs

REGINALD WILKINSON, et al.,
    Defendants

Case No. 1:06-cv-160
Dlott, J.
Hogan, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## Receipt 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   John Robert Modie
   #460255
   Ross Corr. Inst.
   Po Box 7010
   Chillicothe, OH 45601

2. Article Number (Transfer from service label): 7002 3150 0000 8388 4957

PS Form 3811, August 2001   Domestic Return Receipt   102595-01-M-2509

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X ☒ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☒ Certified Mail ☐ Express Mail
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

## Receipt 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Robert Scott Scuba
   #359-073
   Madison Corr. Inst.
   Po Box 740
   London, OH 43140

2. Article Number (Transfer from service label): 7002 3150 0000 8388 4964

PS Form 3811, August 2001   Domestic Return Receipt   102595-01-M-2509

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X ☒ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☒ Certified Mail ☐ Express Mail
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

1:06cv160  DOC. 157